# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**ROBERT CHRISTOPHER KETTENBURG**                                    **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 3:08CV-80-S**

**TRIPLE CROWN PIZZA**                                                **DEFENDANT**

## MEMORANDUM OPINION

Unrepresented by counsel, Plaintiff Robert Christopher Kettenburg initiated the instant action by filing a document styled "Complaint Under Title 18 of the US Code, Sections 241, 242, 373, 1117, and 2340A, as Defined in Section 2340." He maintains that employees of sole Defendant Triple Crown Pizza "violated his civil rights as state above while in his workplace." Additionally, he "formally charges the owner of Dominos/Triple Crown Pizza, Tom Reynolds, . . . and his manager, Jeff Mouser,[1] . . . with Title 18 of the US Code, Sections 241, 242, 373, and 2340A, as defined in Section 2340." As relief, Plaintiff seeks $50,000 in compensation and $10,000 per civil rights violation.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). When conducting this preliminary review, a trial court shall dismiss a civil action at any time, if the court determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

---

[1] Because neither Tom Reynolds nor Jeff Mouser are listed in the title/caption of the complaint, they are not parties to this action. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; . . . .").

The various Title 18 statutes to which Plaintiff cites are all criminal statutes which do not give rise to any private civil cause of action. *See, e.g., United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003); 18 U.S.C. § 2340B ("Nothing in this chapter shall be construed as precluding the application of State or local laws on the same subject, *nor shall anything in this chapter be construed as creating any substantive or procedural right enforceable by law by any party in any civil proceeding*.") (emphasis added). In other words, Plaintiff is not entitled to damages for Defendant's purported violation of the federal criminal statutes.

To the extent Plaintiff may seek the initiation of criminal charges, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."). As "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973), Plaintiff's complaint must be dismissed.

Because Plaintiff has failed to state a claim upon which relief may be granted, the Court will enter a separate Order dismissing this action.

Date:

cc:     Plaintiff, *pro se*
4411.005

2